Case 3:23CV 537JHM

FILED
JAMES J. VILT, JR. - CLERK
OCT 18 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

AO 241
(Rev. 01/07)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District | Western |
|---|---|---|

| Name (under which you were convicted): Darrell Brown | Docket or Case No: 18-CR-00623 |
|---|---|

| Place of Confinement: Southeast State Corr. Complex, Wheelwright, Kentucky 41669 | Prisoner No: #183277 |
|---|---|

| Petitioner (include the name under which you were convicted) Darrell Brown | Respondent (authorized person having custody of petitioner) Craig Hughes, Warden |
|---|---|

The Attorney General of the State of: Kentucky / Daniel Cameron, Atty. General

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Hardin Circuit Court, Ninth Judicial Circuit, Division II
   Elizabethtown, Kentucky 42702

   (b) Criminal docket or case number (if you know): 18-CR-00623

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   first-degree trafficking (methamphetamine, less than two grams)
   possession of marijuana, possession of drug paraphernalia
   first-degree bail jumping

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty         ☐ (4) Insanity plea

AO 241
(Rev. 10/07)

Page 1

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)
☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?
☒ Yes   ☐ No

9. If you did appeal, answer the following:
(a) Name of court: **Supreme Court of Kentucky (Direct Appeal)**
(b) Docket or case number (if you know): **2019-SC-0268-MR**
(c) Result: **See attachment page I, Page 3, Question 9 (c)**
(d) Date of result (if you know): **December 17, 2020, Rendered**
(e) Citation to the case (if you know): **Brown v. Commonwealth, 2020 Ky. Unpub. LEXIS 77, 2020 WL 7395355**
(f) Grounds raised:

(1) denying his motion to suppress evidence;
(2) Allowing the admission of unqualified, prejudicial, and irrelevant testimony;
(3) allowing his conviction for first-degree bail jumping stemming from an unconstitutional seizure and arrest.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:
(1) Name of court:
(2) Docket or case number (if you know):
(3) Result:

(4) Date of result (if you know):

AO 241
Rev. 1/07

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Hardin Circuit Court, Division II**

(2) Docket or case number (if you know): **18-CR-00623**

(3) Date of filing (if you know):

(4) Nature of the proceeding: **Rules of Criminal Procedure ("RCr") 11.42**

(5) Grounds raised: **(1) trial counsel's failure to move to sever the trafficking and bail jumping charges;**
**(2) failure to argue voluntary intoxication as a defense and to seek a jury instruction on the defense;**
**(3) improperly opening the door to rebuttal questions suggesting that Appellant was a convicted felon;**
**(4) failure to object to prejudicial and irrelevant expert testimony.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: **Affirmed**

(8) Date of result (if you know): **March 30, 2022**

AO 241
Rev. 10/07

Page 3

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Kentucky Court of Appeals

(2) Docket or case number (if you know): No. 2022-CA-0423-MR

(3) Date of filing (if you know): June 2022

(4) Nature of the proceeding: Review of trial court's denial of Petitioner's RCr 11.42 motion.

(5) Grounds raised:
(1) trial counsel's failure to move to sever the trafficking and bail jumping charges;

(2) failure to argue voluntary intoxication as a defense and to seek a jury instruction on the defense;

(3) improperly opening the door to rebuttal questions suggesting that Appellant was a convicted felon;

(4) failure to object to prejudicial and irrelevant expert testimony.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: No error and Affirming conviction

(8) Date of result (if you know): March 3, 2023

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Supreme Court of Kentucky

(2) Docket or case number (if you know): No. 2023-SC-0151-D

(3) Date of filing (if you know): March 28, 2023

(4) Nature of the proceeding: Supreme Court Discretionary Review

(5) Grounds raised:
(1) Did the Lower Courts Error In Making Its Ruling On A Motion To Sever Based On Evidence Of Guilt And Not Reviewing The Evidence Necessary To Prove Each Offense For Undue Prejudice/

(2) Did The Lower Courts Error In Making Its Ruling Based On (1) Their Determination Of Sound Trial Strategy And (2) That The Appellant Has Not Alleged Nor Cited Any Evidence In The Record Of His Intoxication To Support A Defense Of Voluntary Intoxication?

(3) Did The Lower Courts Error By Not Reviewing All The Expert Testimony Presented At Trial And Its Prejudicial Impact On The Outcome Of The Trial And Joined Charges ?

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Denied

(8) Date of result (if you know): August 16, 2023

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application or motion?

(1) First petition:  ☒ Yes  ☐ No
(2) Second petition: ☒ Yes  ☐ No
(3) Third petition:  ☒ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Allowing Appellants conviction for first-degree bail jumping stemming from an unconstitutional seizure and arrest.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The entire factual predicate for the Bail Jumping charge naturally flows from the unlawful detention and arrest of the Petitioner. The underlying charges were vacated due to violations of Petitioner's Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution. The charge of First Degree Bail Jumping requires that two elements be met. (1) Petitioner be charged with a felony, (2) intentionally fails to appear at the assigned court date. Vacating the underlying felony charges removed the main element required to convict Petitioner of Bail Jumping First Degree. Petitioner's Bail Jumping charge should have been vacated with instructions on a lessor included offense of failure to appear.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 10/07)

Page

**Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No
(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
Rev. 10/07

Page 5

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO: Trial Counsel's failure to move to sever the trafficking and bail jumping charges.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Under KRS 520.070(1), the prosecutor has to show (1) a charged felony, and (2) Petitioner intentionally failed to make a related court appearance. However, the statute does not require the prosecutor to delve into the underlying facts and circumstances of the charged felony. The prosecutor can satisfy the felony element of KRS 520.070(1) merely by showing that Petitioner was charged with Trafficking at the time of the alleged Bail Jumping. Facts and circumstances required to prove the trafficking charge would not be admissible in a seperate trial for the bail jumping. Also, given the paucity of evidence showing intent to Bail Jump, an essential element of the crime, Petitutionerwas clearly prejudiced by the misjionder of offenses at trial.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) Direct Appeal of Ground Two:
(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☒ Yes  ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: RCr. 11.42

Name and location of the court where the motion or petition was filed:
Hardin Circuit Court, Hardin County, Kentucky

Docket or case number (if you know):
18-CR-623

Date of the court's decision:
March 30, 2022

AO 241
(Rev. 10/07)                                                                                          Page 4

Result (attach a copy of the court's opinion or order, if available)
**Affirmed**

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Kentucky Court of Appeals**

Docket or case number (if you know): **No. 2022-CA-0423-MR**

Date of the court's decision: **March 3, 2023**

Result (attach a copy of the court's opinion or order, if available): **No error and Affirming conviction**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:
**Supreme Court Discretionary Review, Supreme Court of Kentucky**

GROUND THREE: **Failure to argue voluntary intoxication as a defense and to seek a jury instruction on the defense.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**See Attachment Page I, Page 9, Ground Three (a)**

AO 241 (Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) Direct Appeal of Ground Three:
  (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No
  (2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:
  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      ☒ Yes   ☐ No
  (2) If your answer to Question (d)(1) is "Yes," state:
  Type of motion or petition: RCr. 11.42
  Name and location of the court where the motion or petition was filed: Hardin Circuit Court, Hardin County, Kentucky
  Docket or case number (if you know): 18-CR-623
  Date of the court's decision: March 30, 2022
  Result (attach a copy of the court's opinion or order, if available): Affirmed

  (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
  (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No
  (6) If your answer to Question (d)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: Kentucky Court of Appeals
  Docket or case number (if you know): No. 2022-CA-0423-MR
  Date of the court's decision: March 3, 2023
  Result (attach a copy of the court's opinion or order, if available): No error and Affirming conviction

AO 241 (Rev. 12/04)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:
Supreme Court Discretionary Review, Supreme Court of Kentucky

GROUND FOUR: Trial counsel's failure to object to prejudicial and irrelevent expert testimony.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Attachment Page I - II, Ground Four (a) Supporting Facts

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    Direct Appeal of Ground Four:
(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    XX No
(2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
XX Yes    ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:
RCr 11.42

AO 241
Rev. 1/2015

Page 12

(2) Name and location of the court where the motion or petition was filed
Hardin Circuit Court, Hardin County, Kentucky

Docket or case number (if you know): 18-CR-623

Date of the court's decision: March 30, 2023

Result (attach a copy of the court's opinion or order, if available) No error and Affirming conviction

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals

Docket or case number (if you know): No. 2022-CA-0423-MR

Date of the court's decision: March 3, 2023

Result (attach a copy of the court's opinion or order, if available) No error and Affirming conviction

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:
Supreme Court Discretionary Review, Supreme Court of Kentucky

AO 241
Rev. 12/04

Page 12

13. Please answer these additional questions about the petition you are filing:

   (a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  **XX** Yes  ☐ No

       If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  **XX** No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  **XX** No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised

AO 241  
(Rev. 10/07)

Page 13

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing  Department of Public Advocates  
226 S. Mulberry St., Elizabethtown Ky. 42701

(b) At arraignment and plea  Hon. Mark E. Rice  
226 S. Mulberry St., Elizabethtown, Ky. 42701

(c) At trial  Hon. Mark E. Rice  
226 S. Mulberry St., Elizabethtown, Ky. 42701

(d) At sentencing  Hon. Mark E. Rice  
226 S. Mulberry St., Elizabethtown, Ky. 42701

(e) On appeal  Hon. Travis Bewley  
5 Mill Creek Park, Section 100, Frankfort, Ky. 40601

(f) In any post-conviction proceeding  Pro-Se

(g) On appeal from any ruling against you in a post-conviction proceeding  Pro-Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

See attachment Page II, question 18, TIMELINESS OF PETITION

AO 241 (Rev. 12/0) Page 14

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **The conviction of Bail jumping first-degree be vacated and remanded back to the trial court with instructions to dismiss or charge with a lessor included charge of failure to appear or Grant Petitioner a new trial.**
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 10/16/2023 (month, date, year).

Executed (signed) on 10/16/2023 (date).

*Darrell Brown*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Darrell Brown #183277
Southeast State Correctional Complex
P.O. Box 1600
Wheelwright, Ky. 41669

FILED
JAMES J. VILT, JR. - CLERK
OCT 18 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

United States District Court
Western District
Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, Ky. 40202

SSCC INMATE MAIL
NOT RESP ... SIBLE
FOR CONTENTS

RECEIVED BY SSCC
OCT ...
MAIL ROOM